Thomas R. Benke, OSB 922251
trbenke@env-compliance.com
The Environmental Compliance Organization LLC
7845 SW Capitol Hwy, Ste 8
Portland, OR  97219
Tel. 503-246-1514
Attorney for Plaintiff Fuss

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASKLEPIOS HEALTH LLC, a Washington limited liability company; MERIDIAN PARK RADIATION ONCOLOGY CENTER, INC., an Oregon corporation; and IVAN PAVLOV, an individual,<br><br>Plaintiffs,<br>v.<br><br>RADIATION ONCOLOGY SPECIALISTS, PC, an Oregon professional corporation; NORMAN WILLIS MD, an individual; ROBERT MILLER, an individual; TANA MILLER, an individual; and MARTIN FUSS MD, an individual.<br><br>Defendants. | Case No.  3:18-CV-1177-PK<br><br>**DEFENDANT FUSS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

**MEMORANDUM OF LAW**

Plaintiffs' Third Amended Complaint seeks the federal district court's Declaration that the federal district court has subject matter jurisdiction to determine the legality of certain agreements among the parties.  Count I asks the court to declare that it has "original jurisdiction" to determine the legality of the various agreements.  Count II asks the court to declare that the Restricted Unit Grant Agreement ("RUGA") between defendant Fuss and plaintiff Asklepios Health LLC violates the federal Anti-Kickback Statute [42 USC § 1320a-7b] and consequently

the federal False Claims Act [31 USC § 3729 *et seq*.] and therefore cannot be enforced because they are (allegedly) illegal. Counts III, IV and V ask the court for similar declarations of illegality regarding other agreements among the several parties, including Fuss. This Motion and Memorandum address only Count I and Count II of the Third Amended Complaint as they relate to the RUGA.

Fuss joins all other named defendants in moving for dismissal of Counts III, IV and V as pled in a separate Motion and Memorandum. This Memorandum is filed separately because Fuss is represented by this firm only with respect to matters relating to his Operating Agreement and RUGA with Asklepios Health LLC. Dunn Carney LLP represents Fuss with respect to matters relating to the Agreement for Radiation Oncology Services (aka the "Services Agreement") between MPROC Inc and Radiation Oncology Services P.C. ("ROSPC") in which Fuss holds a share.

Plaintiffs allege in their Third Amended Complaint at ¶ 3 that this court has "original" subject matter jurisdiction over its claim that the RUGA is illegal, and therefore unenforceable, pursuant to 28 § USC 1313, which provides:

> *The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.*

The RUGA (Benke Declaration Exhibit 1) provides in relevant part:

> *1. Grant of Units. The Company hereby grants to Fuss and Fuss hereby accepts the number of the Company's Membership units set forth on the signature page of this Grant (the "Units") pursuant to the Company's Limited Liability Company Operating Agreement dated effective June 29, 2015 (the "Operating Agreement"). Capitalized but undefined terms have the meanings set forth in the Operating Agreement.*

* * * * *

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

*5. Restriction on Transfer and Additional Terms.* *In addition to the terms hereof, all Units are subject to the transfer restrictions imposed by the Operating Agreement, and all rights and obligations of the members not set forth in this Grant are governed by the terms of the Operating Agreement.*

*\* \* \* \* \**

*6. General Provisions.* *(a) This Grant shall be governed by the laws of the State of Washington. This Grant (and the attached Operating Agreement) represents the entire agreement between the parties with respect to the receipt of Units by Fuss and may only be modified or amended in writing signed by both parties.*

The Operating Agreement (Benke Declaration Exhibit 2) provides in part:

*13.03 Arbitration. Any dispute among the Unit Holders or among the Unit Holders and the LLC concerning this Operating Agreement shall be settled by arbitration before a single arbitrator, using the rules of commercial arbitration of the Arbitration Service of Portland. Arbitration shall occur in Vancouver, Washington or Portland, Oregon. The parties shall be entitled to conduct discovery in accordance with the Federal Rules of Civil Procedure, subject to limitation by the arbitrator to secure just and efficient resolution of the dispute. If the amount in controversy exceeds $10,000.00 the arbitrator's decision shall include a statement specifying in reasonable detail the basis for and computation of the amount of the award, if any. A party substantially prevailing in the arbitration shall also be entitled to recover such amount for its costs and attorneys' fees incurred in connection with the arbitration as shall be determined by the arbitrator. Judgment upon the arbitration award may be entered in any court having jurisdiction. Nothing herein, however shall prevent a Unit Holder from resort to a court of competent jurisdiction in those instances where*

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

*injunctive relief may be appropriate.*

**The federal district court does not have original subject matter jurisdiction over plaintiff's claim that the RUGA is an illegal contract.**

Plaintiffs allege that their claims "arise under" the Declaratory Judgment Act [28 USC §§ 2201 and 2202], the federal Anti-Kickback Statute [42 USC § 1320a-7b] and the False Claims Act [31 USC § 3729]. Plaintiffs allege (at ¶ 56 of their Third Amended Complaint) that "There is a justiciable controversy as to whether this matter may only be decided by a Federal Court of proper jurisdiction since the violations set forth herein are violations of a Federal statute, *inter alia*, 42 U.S.C. § 1320a-7b(b)."

The Declaratory Judgment Act is not an independent grant of federal subject-matter jurisdiction, so jurisdiction depends upon the nature of the anticipated claims. Samuel C. Johnson 1988 Trust v. Bayfield County, 520 F3d 822 (7th Cir. 2008).

The Supreme Court has explained that the "vast bulk" of suits arise under federal law "when federal law creates the cause of action asserted." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013).

The Anti-Kickback Statute ("AKS") does not provide a private right of action. Ameritox, Ltd v. Millennium Labs., Inc., 803 F.3d 518 (11th Cir., 2015).

The False Claims Act ("FCA") provides for a private right of action in the form of a *qui tam* action brought in accordance with 31 USC § 3730(b). The action must be brought in the name of the Government, which plaintiffs' action is not.

Exceptions to the rule that federal law must create the cause of action are "extremely rare." Gunn. However, the Court has "identified a 'special and small category' of cases" in which *state law* creates the cause of action but arising under jurisdiction still exists. Id. A case fits within this small category when "a federal issue is: (1) necessarily raised, (2) actually

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Page 4 of 10

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065. When these four conditions are met, "jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313-14 (2005)).

The Supreme Court has explained that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In DeBartolo v. Healthsouth Corporation, 569 F.3d 736 (7th Cir., 2009) plaintiffs initiated an action in federal court for declaratory and injunctive relief, arguing that their contract with defendant could not be reconciled with regulations enacted pursuant to the AKS. DeBartolo asked the district court to declare certain amendments to the parties' agreement void. DeBartolo cited 28 USC § 1331 as a basis for subject matter jurisdiction, asserting that his lawsuit poses "a substantial federal question because the court is required to rule on the legality of an agreement that, as applied by the Defendants, violates the federal Anti-Kickback Statute." Defendants did not dispute the district court's jurisdiction, but the district court indicated that it was "skeptical whether it even possessed subject matter jurisdiction because, in the court's view, the lawsuit essentially is a state-law contract dispute between parties who are mostly citizens of Illinois." DeBartolo, 569 F.3d at 739. On review, the Seventh Circuit held that the litigation was "simply a state-law contract dispute." Importantly, the court of appeals observed that DeBartolo had invoked the AKS as a defense to his contracting partner's anticipated state-law contract action to enforce plaintiffs' rights under the partnership agreement (the same posture in which the parties to this litigation find themselves) and that such a defense cannot be a source of federal question

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

jurisdiction unless the statutory defense raises "a pure question of federal law of the caliber at stake in Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313-14 (2005)." The Seventh Circuit stated plainly in its decision "After all, a federal defense does not establish federal-question jurisdiction", citing Merrell Dow Pharm Inc. v. Thompson, 478 US 804 (1986) ["We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331."]

The RUGA at issue is (by its own terms) governed by the laws of the State of Washington. Washington law regarding illegality of contracts and the doctrine of severability is set out at Brougham v. Swarva, 34 Wn.App. 68, 661 P.2d 138 (1983):

> *[I]f the promise sued upon is related to an illegal transaction, but is not illegal in and of itself, recovery should not be denied, notwithstanding the related illegal transaction, if the aid of the illegal transaction is not relied upon or required, or if the promise sued upon is remote from or collateral to the illegal transaction, or is supported by independent consideration.*

Plaintiffs challenge the legality of the Restricted Unit Grant Agreement ("RUGA") separate and apart from the Operating Agreement to which it refers. Plaintiffs allege at ¶ 43 of their Third Amended Complaint:

> *For example, the RUGA grants a future 20% ownership interest to a physician who refers to MPROC, and requires that, for that ownership interest to vest, the referring physician must accumulate sufficient credit (allocated to the physician using the formula "MPROC net revenues – distributions") to repay Asklepios' investment in MPROC. * * **

Plaintiffs characterization of the RUGA terms is entirely contrary to the actual terms of the

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

Operating Agreement and RUGA. Aside from the reference to physician "referrals" to MPROC (the fact of which Fuss adamantly denies), the suggestion that the RUGA is a "grant" of a "future…interest" is entirely false.

The parties' Operating Agreement granted to Dr. Fuss 200,000 Class A Units in Asklepios, just as it granted 800,000 Class A Units and 1,500,000 Class B "preferred" Units in Asklepios to Ivan Pavlov. The Operating Agreement provides that "Fuss' units will vest per the Vesting Schedule in Exhibit A to the Restricted Unit Grant Agreement." The RUGA repeats the grant of units to Fuss (e.g., "The Company hereby grants to Fuss…) and then establishes terms by which Fuss' units may be "forfeited" – generally, in the event of Fuss' "failure to perform the services requested by the Company" before Ivan Pavlov's "loan" to Asklepios is repaid (subject to a five year limit).[1]

Whether or not the "RUGA" in its entirety or in part violates the AKS, the reviewing court must still apply Washington law to determine whether the 20% ownership interest granted to Fuss by terms of the Operating Agreement is enforceable. Plaintiffs have sought refuge in the federal district court because the arbitrator's May 11, 2018 decision (Benke Declaration Exhibit 3) foretells an unfavorable result for them.

Respondents in the arbitration (plaintiffs in this action) maintained that because MPROC Inc had terminated its Services Agreement with ROSPC that Dr. Fuss could no longer "perform the services requested by the Company" and that Fuss' 20% share in Asklepios was thereby forfeited under terms of the RUGA. The arbitrator disagreed, stating in his decision:

> *Mr. Pavlov may not create a circumstance (terminating the services agreement)*
> *and then say Dr. Fuss failed to comply with another agreement by not providing*
> *services to MPROC, Inc.*

---

[1] "The Company" being Asklepios Health LLC, not MPROC Inc as plaintiffs' allegations suggest.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Page 7 of 10

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

The arbitrator then held that Pavlov had breached his duty of good faith and fair dealing toward Fuss, and ruled:

> *As to the remedy, because Mr. Pavlov made it impossible for the condition of vesting to be completed, I declare that Dr. Fuss' 200,000 Class A Non-Vested Units have now vested.*

Similarly, if the RUGA is illegal as plaintiffs allege in this federal action, under Washington law its terms are severable – unenforceable – but the underlying grant of 200,000 Class A Units to Fuss in the Operating Agreement (the "promise sued upon" in the words of the Brougham court) should not be denied if supported by independent consideration. Here again the arbitrator's decision foretells the result, as he stated:

> *I should add that Dr. Fuss provided substantial service to Asklepios prior to the signing of the purchase agreements. Without Dr. Fuss the purchase would never have occurred.*

(The reference to "the purchase agreements" is a reference to Asklepios' purchase of MPROC Inc.)

**The Federal Arbitration Act requires that plaintiffs' action be stayed or dismissed because all claims between the parties are subject to an enforceable arbitration clause.**

The Federal Arbitration Act (9 U.S.C. § 2) provides as follows:

> *A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity*

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

*for the revocation of any contract.*

The FAA authorizes a court to stay an action that is subject to a valid agreement to arbitrate when one of the parties requests a stay in the proceedings. 9 U.S.C. § 3. Alternatively, a court may dismiss an action, rather than merely staying it, when all the issues raised in the action are arbitrable. Sparling v. Hoffman Construction Co., 864 F.2d 635 (9th Cir. 1988) (holding that dismissal for failure to state a claim is proper where all claims are arbitrable.)

In this matter, plaintiffs do not contest the validity of the arbitration clause in the Operating Agreement between Fuss and Asklepios Health LLC ("Asklepios") as incorporated by reference in the Restricted Unit Grant Agreement ("RUGA").

Plaintiffs allege that they were "unable to raise the agreements' illegality" as a defense in the parties' arbitration. However, plaintiffs acknowledge (at paragraph 20 of the Third Amended Complaint) that the arbitrator (J. Marshall Amiton) "is willing to hear such a defense if he has jurisdiction to do so."

If Plaintiffs' statutory defense raises "a pure question of federal law of the caliber at stake in Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313-14 (2005)", that does not mean that "this matter may only be decided by a Federal Court…" as Plaintiffs allege. State courts – and arbitrators – commonly decide federal questions. When the controversy is subject to an enforceable arbitration clause, as is the case here, the district court is required by the FAA to defer the matter to arbitration.

**CONCLUSION**

Besides the obvious conclusion that, in light of J. Amiton's May 11, 2018 decision, plaintiffs are seeking a chance to re-litigate the facts of this matter, there may be another less obvious reason why Asklepios, MPROC Inc and Pavlov seek the juridical embrace of the federal district court. Perhaps plaintiffs, just like the litigants in DeBartolo, would find more comfort in

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

1 a federal district court ruling that the agreements are *legal* if the Office of Inspector General ever
2 comes knocking.
3     This court does not have subject matter jurisdiction to hear plaintiffs' claims.
4 Irrespective of the court's lack of jurisdiction, the legality of the RUGA should be determined by
5 J. Amiton, not only because the parties agreed that "any dispute among the Unit Holders or
6 among the Unit Holders and the LLC" would be settled by arbitration, but because J. Amiton has
7 already listened to twelve days of testimony and argument, and has reviewed hundreds of
8 exhibits, bearing on this matter.  Under Washington law on illegality of contracts and the
9 doctrine of severability, whether the affirmative defense of illegality is a bar to Fuss' claim to his
10 20% share in Asklepios will depend in part on the standard set out in <u>Brougham</u> and in part on a
11 myriad of factual issues that J. Amiton has already decided or is prepared to decide.

12     Dated: September 5, 2018

_____

THOMAS R. BENKE, OSB 922251

503-246-1514, Attorney for Defendant Fuss

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
Page 10 of 10

*The Environmental Compliance Organization LLC*
*7845 SW Capitol Hwy, Ste 8, Portland OR 97219*
*503-246-1514 / trbenke@env-compliance.com*

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing Defendant Fuss' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS to:

Bruce F. Howell
Schwabe Williamson and Wyatt, P.C.
1211 SW 5th Ave, Suite 1900
Portland, OR  97204

Anne Foster
Dunn Carney LLP
851 SW 6th Ave Ste 1500
Portland, OR  97204

| | |
|---|---|
| √  by first class mail, postage prepaid | s/  Thomas R. Benke |
| √   by electronic transmission | _____ |
| √   by the federal judiciary's CM/ECF filing system | THOMAS R. BENKE<br>OSB 922251<br>503-246-1514<br>Attorney for Defendant Fuss |

DATED:  September 5, 2018